UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MELANIE CLINE,** *et al.*, | : | Case No. 1:07-CV-1070 |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **CITY OF MANSFIELD,** *et al.*, | : | **MEMORANDUM AND ORDER** |
| **Defendants.** | : | |

Before the Court is Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (*see* Doc. 141), which the Defendants oppose (*see* Doc. 142).  For the following reasons, this motion is **GRANTED**, and footnote 36 of the Court's September 30, 2010 Opinion & Order (Doc. 139) is superseded in its entirety, as described below.[1]

### I.     BACKGROUND

In ruling on Defendants' Motions for Summary Judgment (Docs. 69-72), the Court concluded, among other things, that Plaintiffs could proceed to trial on their claim that Defendant David Mack violated their constitutional rights by unreasonably executing an invalid search warrant.  (*See id*. 139 at 45.)

While the Court held that the Plaintiffs could proceed to trial against Mack as an individual, the opinion also included a footnote which generated Plaintiffs' current motion.  (*See id*. at 49 n.36.)  That footnote states:

> Although the Plaintiffs refer to objecting to Judge McHargh's conclusions regarding the "entities," it does not appear that they object to any conclusion in connection with the warrant itself aside from those that relate to the City of Ontario.  On the facts as developed by the record, this makes sense: in particular, there is no indication that

---

[1] The Court incorporates its September 30, 2010 opinion into this order by reference, except to the extent amended by this order.

ASORT, as distinct from Defendant David Mack, could be said to have proximately caused the execution of a search pursuant to an invalid warrant.

(*Id.*) The Plaintiffs contend that this conclusion is in error. (Doc. 141.) In particular, they argue that they did *not* waive their claim against ASORT, and that there *is* evidence sufficient to indicate that ASORT, as distinct from Mack, proximately caused the execution of a search pursuant to an invalid warrant. (*Id.*)

## II. STANDARD OF REVIEW

A district court should grant a Rule 59(e) motion, commonly known as a motion to reconsider, "if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). The resolution "of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009) (quoting *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir.2005)).

## III. ANALYSIS

### A. The Plaintiffs Did Not Waive Their Claim Against ASORT

While footnote 36 assumed that the Plaintiffs were not asserting a claim against ASORT on these particular facts, the Plaintiffs point this Court to two specific passages in their Objections that they assert compel a different conclusion. First, Plaintiffs argued generally that Mack was authorized to bind ASORT:

> As the ASORT Team Leader responsible for planning and executing the ASORT raid on the 347 S. Main, Mack is liable both as an individual officer and as a policymaker authorized to bind ASORT.

(Doc. 133 ("Plaintiffs' Obj.") at 21.) The Plaintiffs also direct the Court to the specific contention in their objections that Mack had final policymaking authority for ASORT with respect to the execution of search warrants:

2

> The Magistrate erred by holding that Plaintiffs cited no evidence that . . . <u>Mack, the leadership of ASORT, set policies concerning the sufficiency of search warrants</u> . . . . ASORT delegates authority to its leadership to plan missions.

(*Id*. at 35) (emphasis added).

The Defendants respond, essentially, by arguing that the Plaintiffs' brief was organized in such a confusing fashion that it did not preserve this objection properly:

> Plaintiffs' Objections to the R&R did contain a section headed:
>
> **"C. This Court Should Reject the Magistrate's Recommendation to Grant Defendants Meyers, Mack and the Entities Summary Judgment for their Involvement in the Warrantless Search"**
>
> . . . .That section of Plaintiffs' Objections outlined specific objections to the Magistrate's failure to deny summary judgment to Defendants Myers and Mack, and Defendant the City of Ontario, based on the execution of an invalid warrant. (*Id*., at 5-20). However, notwithstanding Plaintiffs' mention of "the Entities" in the heading, nowhere in Plaintiffs' discussion in Part C of their "Objections" is there any discussion of an alleged error by the Magistrate regarding the dismissal as to ASORT. Plaintiffs do not discuss any policymaker status of Mack, or anyone else, with respect to the decision to execute a warrant which purportedly lacks probable cause.

(Doc. 144-1.)

The Court agrees, as it has noted previously, that much of the briefing in this case has been confusing, which is why, in part, the motions generated in excess of 150 pages of exposition by two judicial officers. This question of waiver, however, is not a particularly close one.

The Plaintiffs argued specifically that "Mack . . . set policies concerning the sufficiency of search warrants . . . ." (Plaintiffs' Obj. at 35.) This is plainly sufficient to preserve the claim that Mack operated as a final policymaker for ASORT with respect to the sufficiency of search warrants —it was wrong for this Court to have concluded otherwise. *See Intera*, 428 F.3d at 620; *see also Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004) (explaining that "manifest injustice" is defined as "an error in the trial court that is direct, obvious, and observable"). Accordingly, the Court will proceed to the merits of the Plaintiffs' argument.

3

### B. Whether a Jury Could Find ASORT Liable

The substantive question is whether Mack can be considered a final policymaker for ASORT with respect to the sufficiency of search warrants. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 473-77; *see also Paeth v. Worth Twp.*, No. 08-13926, 2010 U.S. Dist. LEXIS 34978, at *27 (E.D. Mich. Apr. 9, 2010) ("The Sixth Circuit has clarified that a public official has final policymaking authority if that official's decisions are 'final and unreviewable and are not constrained by the official policies of superior officials.'" (quoting *Adair v. Charter County of Wayne*, 452 F.3d 482, 493 (6th Cir. 2006)).

In this case, the Plaintiffs have presented evidence that Mack's decision-making was final, unreviewable, and unconstrained:

> Q. And once Captain Combs or Officers Miller or Mack determined how to deploy the ASORT team they don't have to go to any other bosses in any of the other departments to get approval for their plan, right?
>
> A. They're the tactical people. They make that decision.
>
> Q. So as far as tactical policy goes, they're the top decision-makers; is that right?
>
> A. That's correct.

(Doc. 96 ("Sheldon Dep.")) at 37:19-38:5 (objections omitted); *see also* Doc. 141 at 12-14 (collecting testimony indicating that no individual or entity reviewed Mack's decision-making)).[2]

In this case, the Court concludes that Mack was an ASORT policymaker for purposes of the execution of the warrant at issue here. The Court finds an unpublished Sixth Circuit opinion instructive. *See Monistere v. City of Memphis*, 115 Fed. Appx. 845, 851 (6th Cir. 2004). In *Monistere*, the Sixth

---

[2] The Defendants do not present contrary evidence—indeed, their brief contains no evidentiary citation whatsoever. Their current briefing refers, instead, to Defendants' earlier briefing. (Doc. 144-1 at 6-7) (emphasis added). This is telling; the pages cited by the Defendants are themselves devoid of record evidence. (*See* Doc. 127 at 13-15.)

The Defendants cite, also, their Reply Brief to the Motion for Summary Judgment. The Court's September 30 Order explained specifically and in detail that incorporation by reference of arguments made to the Magistrate Judge is not appropriate. (*See* Doc. 139 at 7-8.) In any event, this citation, too, fails to point this Court to any record evidence. (*See* Doc. 109 at 21-24.)

Circuit considered a claim by two officers who were strip searched unconstitutionally by an internal affairs investigator.  The Plaintiffs' claimed:

> [The city's] practice of allowing [internal affairs] sergeants . . . to conduct their investigations without any defined parameters [supports municipal liability].  It is their collective belief that, even though the City did not maintain any written policy relating to administrative investigations, [the internal affairs investigator] was vested with the authority to conduct these investigations and the authority to determine the policy and manner of conducting these investigations.

*Monistere*, 115 Fed. Appx. at 851.  At trial, the Plaintiffs presented evidence

> that although the police manual did not specify the manner in which administrative investigations were conducted, the "unwritten manner" was to allow the lead investigator to make decisions as to how to conduct the investigations.  Similarly, [the internal affairs investigator] admitted that it was "standard practice" for the lead investigator to make decisions as to how to proceed with an investigation.

*Id*.  Based on this evidence, the Sixth Circuit affirmed on the issue of municipal liability.  *Id*.  ("[I]t is our determination that it was reasonable for a jury to conclude that the City had a practice of granting its lead investigators the complete discretion to conduct their own investigations."); *see also Kammeyer v. City of Sharonville*, No. 01cv649, 2006 U.S. Dist. LEXIS 24058, at *31-36 (S.D. Ohio Apr. 26, 2006) ("A reasonable jury could conclude that . . . [the city] had a policy of delegating final decision-making authority to the lead detective on a particular case . . . ."); *La Panaderia La Diana, Inc. v. Salt Lake City Corp.,* 342 F.Supp.2d 1013, 1037-38 (D. Utah 2004), *aff'd*, No. 05-4098, 2006 U.S. App. LEXIS 18691 (10th Cir. July 26, 2006) (finding a tactical commander to be a final policymaker with respect to the execution of warrants).

The reasoning of *Monistere*, *Kammeyer*, and *LaPanaderia*, that an individual police officer can be a final policymaker for purposes of a particular aspect of an investigation, is applicable here.  A jury could conclude properly that Mack had discretion to determine whether ASORT would execute a search warrant entirely unfettered by any supervisor, policy, or custom and that, accordingly, his discretion was "final and unreviewable and are not constrained by the official policies of superior officials."  *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001) (citations omitted).  Mack's decision in this

respect was the decision of ASORT; it is not respondeat superior to hold that ASORT is liable for Mack's decision given ASORT's policy of allowing Mack unconstrained discretion in this area. *See Monistere*, 115 Fed. Appx. at 851; *see also Pembaur*, 475 U.S. at 473-77. It was "clear error" for the Court to assume otherwise. *See Intera*, 428 F.3d at 620.[3]

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (*see* Doc. 141). Accordingly, footnote 36 of the Court's September 30, 2010 Opinion & Order (Doc. 139) is superseded in its entirety, as described above.

**IT IS SO ORDERED.**

                                                     **s/Kathleen M. O'Malley**
                                                    **KATHLEEN McDONALD O'MALLEY***

**Dated: January 27, 2011**

***United States Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.**

---

[3] This Court has observed previously that the contours of "clear error" are not particularly well-defined, but that it is an unquestionably high bar. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010). Here, that high bar is met—the Court assumed away a valid claim.